IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *
ZACHARY WATTS, et al.,
                              *
     Plaintiffs,
                              *
v.                                    CIVIL NO.: WDQ-05-cv-501
ERIC J. SMITH, et al.,        *

     Defendants.              *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION AND ORDER

Zachary Watts and his parents, Gary and Jeanne Watts (the "Wattses") sued Eric Smith, the Superintendent of the Anne Arundel County Public Schools ("Smith") and the Board of Education of Anne Arundel County for a declaratory judgment[1] and injunctive relief. Pending is the Wattses' motion for summary judgment, and the Defendants' cross motion for summary judgment. For the following reasons, the Wattses' motion for summary judgment will be denied, and the Defendants' cross motion for summary judgment will be granted.

I.    BACKGROUND

Zachary Watts ("Zachary") is a 16 year old disabled student who is eligible  under the Individuals with Disabilities Education Act[2] ("IDEA") to receive special education and related services.  Compl.

---

[1] See 28 U.S.C. §§ 2201 et seq. (2005).

[2] See 20 U.S.C. §§ 1400 et seq. (2005).

1

at ¶¶ 3, 6-7.  Zachary attended an Anne Arundel County Public School ("AACPS") through the end of the 1999-2000 school year.  *Id*. at ¶ 8.  Zachary's learning disabilities caused academic problems, which increased his emotional problems and required high doses of medication for his sleep disorder.  *Id*.  Concerns about Zachary's difficulties in AACPS led his parents to enroll him, at their own expense, in a non-public day school, The Lab School of Washington, Baltimore Campus ("Baltimore Lab"), for the 2000-2001 school year.  *Id*. at ¶ 9.  Subsequently, the Wattses and AACPS entered into a settlement agreement by which AACPS agreed to provide public funding for Zachary to attend Baltimore Lab for the 2001-2002 school year.  *Id*. at ¶ 10.

On May 6, 2002, an education team met to develop an individualized education program ("IEP") for Zachary, which entailed discussing Zachary's progress at Baltimore Lab and determining his placement for the 2002-2003 school year.  *Id*. at ¶ 14.  The Watts requested that AACPS maintain Zachary's current placement at Baltimore Lab; however, AACPS informed them that Baltimore Lab had not received approval from the Maryland State Department of Education ("MSDE") as a fundable non-public special education school.  *Id*. at ¶¶ 16, 18.  AACPS declined to place Zachary at Baltimore Lab for the 2002-2003 school year, and referred him to High Road Academy ("High Road"), another non-public special education school in Maryland.  *Id*. at ¶ 21.  Zachary was accepted

at High Road on June 10, 2002.  *Id.* at ¶ 25.

The Wattses objected to the change in placement for Zachary, fearing that a change in schools would be detrimental to Zachary's emotional and academic progress.  *Id.* at ¶ 27.  The Wattses rejected the proposed placement at High Road and continued Zachary's placement at Baltimore Lab for the 2002-2003 school year at their own expense, while continuing to request that AACPS support the Baltimore Lab placement.  *Id.* at ¶¶ 27-28.

On July 2, 2003, MSDE approved Baltimore Lab as a fundable non-public special education school.  *Id.* at ¶ 29.  In subsequent IEP meetings, Zachary's parents continued to express concern about the new school and opposed AACPS' proposal to place Zachary at High Road.  *Id.* at ¶ 30.  AACPS agreed to place and fund Zachary at Baltimore Lab for the 2003-2004 school year.  *Id.* at ¶ 31.  Zachary now attends Baltimore Lab with public funding from AACPS.  *Id.* at ¶ 32.

On April 16, 2004, the Wattses requested a due process hearing, alleging that AACPS failed to provide Zachary with a free appropriate public education ("FAPE") under the IDEA for the 2002-2003 school year, and sought reimbursement for Zachary's placement at Baltimore Lab for 2002-2003.  *Id.* at ¶ 36.  On June 24, 2004, a due process hearing was held before Administrative Law Judge ("ALJ") A. J. Novotny, Jr.  Id. at ¶ 37.  On August 26, 2004, the ALJ determined that Zachary was eligible to receive special education

services during the 2002-2003 school year, but that his parents were not entitled to funding for his placement at Baltimore Lab during that school year, because High Road could have provided Zachary an educationally beneficial program.  *Id.* at ¶ 42; ALJ Opinion No.: MSDE-AARU-OT-04-27097 attached to Def. Opp. Mot. as Ex. 1.

On February 22, 2005, the Wattses filed this action alleging among other things that the ALJ erred in his findings and misapplied federal and Maryland law.  The Wattses allege violations of the IDEA, Maryland law, Section 504, and Section 1983[3] and seek: (1) declaratory relief that the Defendants violated the rights of the Wattses; (2) injunctive relief ordering Defendants to reimburse the Wattses for tuition expenses and costs incurred in enrolling Zachary at Baltimore Lab for the 2002-2003 school year; (3) reasonable attorney's fees and costs; and (4) any other relief the Court deems just.


II. LEGAL DISCUSSION

A.   Motion for Summary Judgment

     1. Standard of Review

     Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as

---

[3] The Wattses sought summary judgment only on their IDEA claims.  Defendants contend that the non-IDEA claims have been abandoned, and the Wattses have not contested this argument.  *See* Def. Opp. Mot. at 31; Wattses' Reply Mot.

4

a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask... whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

The court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  A mere "scintilla" of evidence is not sufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.


2.   Reimbursement under the IDEA

The IDEA provides for reimbursement to parents of a child with a disability (who had previously received special education and related services from a public agency), and who subsequently enrolled the child in a private school without the consent of the

public agency.  20 U.S.C. § 1412(a)(10)(C)(ii).  A court or hearing officer may require the public agency to reimburse the parents for the cost of the private school enrollment if the court or hearing officer finds that the public agency has not made a FAPE available to the child in a timely manner prior to that enrollment.  *Id*.

The cost of the reimbursement may be reduced or denied

> (I) if –
> (aa) at the most recent IEP meeting that the parents attended prior to the removal of the child from the public schools, the parents did not inform the IEP Team that they were rejecting the placement proposed by the public agency to provide a free appropriate public education to their child, including stating their concerns and their intent to enroll their child in a private school at public expense; or
> (bb) 10 business days (including holidays that occur on a business day) prior to the removal of the child from the public school, the parents did not give written notice to the public agency of the information described in item (aa)[.]  20 U.S.C. § 1412(a)(10)(C)(iii)

For reimbursement, the Wattses must establish that (1) AACPS did not make a FAPE available in a timely manner; and (2) they provided timely notice to AACPS that they were rejecting the proposed placement for Zachary.  *See Pollowitz v. Weast*, 90 Fed. Appx. 438, 439 (4th Cir. 2001); *Baltimore City Board of School Commissioners v. Taylorch*, 395 F. Supp. 2d 246, 249 (D. Md. 2005); *Sarah M. v. Weast*, 111 F. Supp. 2d 695, 698 (D. Md. 2000).


3.  The Watts Family did not Provide Timely Notice to AACPS

Whether the proposed placement at High Road was a FAPE made available to the Wattses in a timely manner, they failed to provide

timely notice to AACPS of their rejection of the proposed High Road placement and their intention to enroll Zachary at Baltimore Lab for the 2002-2003 school year. Under the IDEA, the Wattses should have rejected the High Road placement at the May 6, 2002 IEP meeting or provided written notice to AACPS 10 days before Zachary's enrollment at Baltimore Lab for the 2002-2003 school year. *Sarah M. v. Weast*, 111 F. Supp. 2d 695, 703-704 (D. Md. 2000).

The evidence at the administrative hearing included the May 6, 2002 IEP minutes, and testimony from Mrs. Watts that the Wattses were still considering whether to place Zachary at High Road after the IEP meeting. *See* Def. Opp. Mot. at 22-24. Although the Wattses expressed their desire for Zachary to continue at Baltimore Lab, Mrs. Watts testified that they did not tell the IEP team that they were rejecting the AACPS' offer to place Zachary at High Road. *Id.* at 23; *see also* ALJ Opinion at 5 attached to Def. Opp. Mot. as Ex. 1. The Wattses acknowledge that they did not provide oral notice to AACPS at the IEP meeting that they were rejecting the High Road placement, enrolling Zachary at Baltimore Lab for the 2002-2003 school year, and would expect reimbursement from AACPS.

Furthermore, the Wattses stipulated at the administrative hearing that they did not provide written notice to AACPS that Zachary would not attend High Road, but would be enrolled at Baltimore Lab for the 2002-2003 school year. *See* Def. Opp. Mot. at 25. The ALJ concluded that the Watts had not provided notice,

orally or in writing to AACPS of their intention to place Zachary at Baltimore Lab, and were not entitled to tuition reimbursement.  ALJ Opinion at 5, 11-15.

The Wattses' argument that the notice provisions do not apply to them is unavailing because it was not raised at the administrative hearing.  *See Andersen v. District of Columbia*, 877 F.2d 1018, 1025 (D.D.C. 1989)(court cannot consider arguments not raised in administrative hearing); *Baines v. Board of Liquor License Comm'rs*, 100 Md. App. 136, 142, 640 A.2d 232, 235 (1994)(party cannot present argument on appeal when no findings of fact were made at the administrative hearing).  The Wattses also argue that even if the notice provisions apply, there was no adverse impact to AACPS that would preclude reimbursement.  AACPS is not required to show prejudice or harm from the Wattses' failure to comply with the IDEA notice provision.  *Pollowitz v. Weast*, 90 Fed. Appx. 438, 443 (4th Cir. 2001).  The Wattses' reimbursement claim must fail.

## CONCLUSION

For the reasons discussed above, the Wattses' motion for summary judgment will be denied, and the Defendants' cross motion for summary judgment will be granted.


January 5, 2006                    _____/s/_____

Date                              William D. Quarles, Jr.
                                  United States District Judge